U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH KEITH MILTON, Plaintiff | CIVIL ACTION NO. 1:15-CV-2796; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN DAUZAT, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Kenneth Keith Milton (#45277). Plaintiff is incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He complains that he was denied timely and adequate medical care by Sheriff William E. Hilton, Warden Dauzat, St. Francis Cabrini Hospital, Nurse Cindy Roberts, and Doctor Dewitt.

Plaintiff was granted leave to proceed *in forma pauperis* on December 14, 2015. (Doc. 5). On January 19, 2016, Plaintiff was ordered to amend his complaint to provide the Court with additional factual information. (Doc. 7). On February 3, 2016, the Memorandum Order was returned to the Clerk of Court as undeliverable. (Doc. 8).

Local Rule 41.3 provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

More than thirty days have passed since the document was returned to the Clerk of Court, and Plaintiff has failed to provide the Court with an updated address. Therefore, Plaintiff's complaint is subject to dismissal.

Because Plaintiff has failed to keep the court apprised of an address change, **IT IS RECOMMENDED** that the § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41.3 of the Local Rules for the Western District of Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of March, 2016.

                                           Joseph H.L. Perez-Montes
                                           United States Magistrate Judge